**FRANKLIN MINT CORPORATION, Franklin Mint Limited, and McGregor, Swire Air Services, Limited, Plaintiffs,**

v.

**TRANS WORLD AIRLINES, INC., Defendant.**

**No. 81 Civ. 1700 (WK).**

United States District Court, S. D. New York.

Nov. 6, 1981.

As Amended Dec. 18, 1981.

Waesche, Sheinbaum & O'Regan, John R. Foster, New York City, for plaintiffs.

Curtis, Mallet-Prevost, Colt & Mosle, John Romans, New York City, for defendant.

MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

On March 23, 1979, plaintiff Franklin Mint Corporation ("Franklin") delivered to defendant Trans World Airlines, Inc. ("TWA") for carriage from Philadelphia, Pennsylvania to London's Heathrow Airport, four packages weighing some 714 pounds. Although the packages are said to have contained a large quantity of valuable coins, Franklin made no special declaration of value at the time of delivery. TWA

charged Franklin $544.96 for the shipment. The four packages never arrived at their destination, and Franklin brought this action to recover their full value, which it fixes at $250,000. The parties agree that this action is governed by the terms of the Warsaw Convention, and that TWA is liable for the loss. Before us is a motion by TWA for partial summary judgment as to the extent of its liability. We grant that motion in part and deny it in part.

Article 22 of the Warsaw Convention provides that, unless a special declaration of value is made at the time of a delivery, a carrier's liability for checked baggage and goods is limited to the equivalent of 250 francs per kilogram. Article 22 states, moreover, that this limitation of 250 francs:

> "shall be deemed to refer to the French franc consisting of 65½ milligrams of gold at the standard of fineness of nine hundred thousandths [the so-called Poincare franc]. These sums may *be converted into any national currency* in round figures." (Emphasis added.)

Counsel for TWA, in an extraordinarily lucid and comprehensive brief, has suggested three possible bases for the calculation converting the Article 22 limitation into United States dollars: (1) the Special Drawing Right ("SDR"), used by members of the International Monetary Fund ("IMF") as a unit of account; (2) the last official price of gold in the United States; and (3) the exchange value of the current French franc. Counsel for Franklin, in an equally able brief, suggests a fourth possibility: the free market price of gold.

Were we writing on a clean slate, we would find the arguments in favor of the first of TWA's suggestions (the SDR) most persuasive. However, TWA's second suggestion (the last official price of gold in the United States) has—arguably, at least—been espoused by the Civil Aeronautics Board ("CAB"), the government agency most intimately concerned with the transaction at hand. It therefore comes as close as

anything to constituting a governmental interpretation of the Article 22 limitation. Also, it is used by all domestic carriers—including TWA—in calculating the dollar value of the Article 22 limitation printed on their tariffs. It would seem to follow that the parties intended to adopt the last official price of gold as the basis for converting the Article 22 limitation into dollars in the instant case.

Beyond saying the foregoing we can, since there are no disputed issues of fact upon which a finding by us is required, see no purpose to be served by delaying a decision while we seek to put in our own words the arguments so cogently expressed by counsel for TWA. Accordingly, we simply adopt those arguments to the extent that they support our conclusion that the conversion should be premised on the last official price of gold in the United States.

Let counsel for TWA submit a proposed order on ten days notice. As we understand the stipulation of the parties, such an order would in effect direct that judgment be entered for plaintiff in the amount of $6,475.98 plus interest and costs, a result which would permit immediate appeal from this order.

SO ORDERED.